UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LOTUS QUINTANILLA and SARELAH AGUILAR, | § § § |
| *Plaintiffs*, | § § |
| v. | § § EP-23-CV-00432-DCG |
| FRANCISCO JAVIER PEREZ VASQUEZ *d/b/a Transportes Centauro*, | § § § § |
| *Defendant*. | § |

**ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO DESIGNATE A RESPONSIBLE THIRD PARTY**

Before the Court is Defendant's Motion for Leave to Designate Michael L. Murphy, M.D. as a Responsible Third Party (ECF No. 39). Plaintiff Quintanilla has not responded to the Motion, and her deadline to do so has expired. For the following reasons, the Court **GRANTS** the Motion.

**I.   Background**

This case concerns a motor vehicle accident that allegedly resulted in injuries to Plaintiffs Lotus Quintanilla and Sarah Aguilar, who bring a negligence claim against Defendant. Compl., ECF No. 4, at 3. Plaintiffs filed this lawsuit against Defendant on October 20, 2023, in the 243rd Judicial District Court of El Paso County, Texas. Notice Removal, ECF No. 1, at 8. On November 29, 2023, Defendant removed the action on the basis of diversity jurisdiction to this Court. *See id.* at 3.

Plaintiff Quintanilla seeks damages for medical expenses, pain and suffering, physical impairment, disfigurement, loss of wages, and loss of future earnings. Compl., ECF No. 4, at 4.[1]

---

[1] Plaintiff has moved for leave to amend her Complaint to add an additional category of damages; however, the Court has not yet ruled on that Motion. *See* Pl.'s Opposed Mot. Leave, ECF No. 34. As such, the Court is referring to Plaintiff's Original Complaint in this Order.

Defendant seeks to designate non-party Michael L Murphy, M.D. as a responsible third party with respect to Quintanilla's claims pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code. Mot., ECF No. 39, at 3; *see also* TEX. CIV. PRAC. & REM. CODE. § 33.004(a). As will become important below, Defendant served Plaintiff's counsel with a copy of the Motion on January 2, 2025. Mot., ECF No. 39, at 10.

Defendant claims that the motor vehicle accident was only "a moderate impact" that did not result in any serious injuries. Mot., ECF No. 39, at 3. According to Defendant, Dr. Murphy was negligent in his medical care and provided unnecessary services that caused Quintanilla's hospitalization, medical expenses, pain and suffering, impairments, and economic damages. *Id.* To support his assertion, Defendant provided the Court with a report from Dr. Warren F. Neely, a neurological surgeon. *See* Ex., ECF No. 39-1.[2] To date, Plaintiff has not responded to Defendant's Motion.

## II.   Applicable Law

Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citation omitted). The Court has jurisdiction over this action based on diversity and therefore applies the substantive law of the forum state—in this case, Texas. *James v. Woods*, 899 F.3d 404, 408 (5th Cir. 2018) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). District courts in the Fifth Circuit exercising diversity jurisdiction apply § 33.004 of the Texas Civil Practice and Remedies Code as substantive Texas law. *See Benchellal v. Okonite Co.*,

---

[2] At least at the time, the Court takes no position on Dr. Murphy's responsibility—if any—in this matter. Plaintiff will have an opportunity to strike the designation of Dr. Murphy as a responsible third party. *See* § 33.004(*l*) ("After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage.").

*Inc.*, No. 4:22-CV-4435, 2023 WL 9105695, at *1 (S.D. Tex. Nov. 28, 2023) (collecting cases); *see also Wilkinson v. D & M Energy Assocs. LLC*, No. 4:22-CV-1483, 2023 WL 375370, at *1 (S.D. Tex. Jan. 24, 2023) (applying section 33.004 in a diversity case).

Chapter 33 of the Texas Civil Practice and Remedies Code provides that a "defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE. § 33.004(a). A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *Id.* § 33.011(6).

Despite what its title might suggest,[3] § 33.004 does not make the designated third person a formal "party" to the case. *E.g.*, *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014) ("[U]nder § 33.004 responsible third parties are not joined as parties—they are only designated as being responsible without being made parties to the suit."). Nor does § 33.004 make the designated person *financially* "responsible" for the plaintiff's injuries. TEX. CIV. PRAC. & REM. CODE § 33.004(i) ("The filing or granting of a motion for leave to designate a person as a responsible third party . . . (1) does not by itself impose liability on the person; and (2) may

---

[3] *See, e.g.*, David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 870 (2005) ("In Texas tort law, the 'responsible third party' is anything but. He is not really a 'party,' and he is not really 'responsible.'").

not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.").[4]

Instead, § 33.004 "enables [the] defendant 'to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party'"—even if that third person "has not been joined as a party to the lawsuit." *E.g.*, *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (quoting *Withers*, 13 F. Supp. 3d at 688). Section 33.004 thereby permits a defendant to *reduce* its *own* financial liability if it can prove that some *other* person—who isn't a party to the case—is partially or entirely responsible for the plaintiff's injuries. *E.g.*, *In re Metro. Transit Auth. of Harris Cnty.*, No. 14-23-00940-CV, 2024 WL 4676228, at *3 (Tex. App. Nov. 5, 2024) ("[D]esignation [of a responsible third party] may reduce the percentage of responsibility attributed to the defendant, thus reducing its liability to the claimant.").

To designate a responsible third party, a defendant must file a motion for leave on or before the 60th day before the trial date, unless the court finds good cause to allow a later filing. *Id.* § 33.004(a). A timely motion for leave to designate a responsible third party must be granted unless another party files an objection on or before the 15th day after the date on which the motion for leave is served. *Id.* § 33.004(f). Even if a party objects, the Court must grant leave to designate the person as a responsible third party unless the objecting party demonstrates:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>
> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

---

[4] Presumably for those reasons, the Court hasn't located any authority suggesting that the movant must give the allegedly responsible third party notice of the § 33.004 motion. Thus, as far as the Court is aware, the fact that Defendant only served Plaintiff (and not Dr. Murphy) with the Motion doesn't render the Motion procedurally defective. *See* Mot., ECF No. 39, at 10.

*Id.* § 33.004(g).  Additionally, § 33.004(d) limits third-party designations after the statute of limitations has expired and states as follows:

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

Once an individual or entity is designated as a responsible third party, the factfinder determines its responsibility for the plaintiff's injury or damages, unless the trial court strikes the designation or the defendant produces no legally sufficient evidence of the third party's fault at trial.  *Id.* § 33.003(a)–(b).

### III.   Analysis

As an initial matter, § 33.004(a) requires a defendant who seeks to designate a person as a responsible third party to file the motion on or before the 60th day before the trial date.  In this case, the Court vacated the current scheduling order to allow the parties to complete discovery and give the Court time to rule on pending motions in the case.  *See* Order Vacating Scheduling Order, ECF No. 38, at 1–2.  Although trial is not currently scheduled for a specific date, the Court customarily schedules trials three or four months after the dispositive motion deadline, and that deadline has not yet expired here.  There is therefore no way that a trial will occur in this case within the next sixty days.  Accordingly, Defendant's Motion is necessarily timely under § 33.004(a).

Because Plaintiff failed to object to Defendant's Motion, the Court does not need to analyze whether § 33.004(d) prohibits designating Dr. Murphy as a responsible third party.  *In re United Water Restoration Group of Greater Houston* discussed the statutory framework between

5

subsection (d) and subsection (f). No. 09-23-00086-CV, 2023 WL 6156070, at *3 (Tex. App. Sept. 21, 2023). In that case, the appellate court held that the trial court abused its discretion when it considered subsection (d)'s statute of limitation exception when the party failed to object to the third-party designation within subsection (f)'s fifteen-day time period. *Id.* The court explained:

> Reading subsection (f) to require a party to object to a motion for leave to designate a responsible third party within 15 days after the motion is served does not render subsection (d) meaningless, as [Respondent] argues in their response to the mandamus petition. Rather, subsection (f) provides the procedure through which the defendant's non-compliance with subsection (d) is brought to the attention of the trial court.

*Id.* Thus, the Court here will not consider the exception in subsection (d).

As previously indicated, Plaintiff was served with a copy of the Motion on January 2, 2025. *See* Mot., ECF No. 39, at 10. Under § 33.004(f), the Court must "grant leave to designate the named person as a responsible third party" unless Plaintiff objects to the Motion "on or before the 15th day after the date the motion was served." Plaintiff's opportunity to object expired on January 16, 2025.[5] No objection was filed; thus, the Court grants Defendant's Motion as unopposed. *See Crook v. Meza-Muros*, No. 3:23-cv-1096-X, 2024 WL 2804921, at *2 (N.D. Tex. May 31, 2024) (granting a motion to designate third party because no objection was filed); *see also Liberty Ins. Corp. v. Caterpillar Inc.*, No. SA-13-CV-83-XR, 2013 WL 3166616, at *2 (W.D. Tex. June 20, 2013) ("Since no objections to the motion were filed . . . the Court must grant the motion pursuant to section 33.004(f).").

---

[5] Initially, the Court questioned whether to apply the 15-day deadline set forth in § 33.004(f) or the 14-day deadline Local Rule CV-7(d)(2) requires. W.D. Tex. L.R. CV-7(d)(2) (providing (with exceptions not relevant here) that a response to a motion "shall be filed not later than 14 days after the filing of the motion," and that "the court may grant the motion as unopposed" "[i]f there is no response filed within" the 14-day window). Under either deadline, Plaintiff did not file a timely response, so the Court need not determine which to apply.

6

The Court questioned whether it must consider if subsection (d)'s statute of limitation exception applies in this case before granting Defendant's Motion.

IV. Conclusion

For the reasons stated herein, the Court hereby **GRANTS** Defendant's Motion for Leave to Designate Michael L. Murphy, M.D. as a Responsible Third Party (ECF No. 39).

**SO ORDERED and SIGNED this 27th day of January 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**