# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **LOTUS QUINTANILLA,** | § | |
| **SARELAH AGUILAR,** | § | |
| *Plaintiffs*, | § | |
| v. | § | **EP-23-CV-00432-DCG** |
| | § | |
| **FRANCISCO JAVIER PEREZ** | § | |
| **VASQUEZ, d/b/a/ Transportes Centauro** | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is "Defendant's *Daubert* Motion to Exclude the Testimony of Plaintiffs' Expert David A. Macpherson, Ph.D." ("Def.'s Mot."), submitted September 3, 2024. (ECF No. 25). On September 10, 2024, Plaintiffs Lotus Quintanilla and Sarelah Aguilar ("Plaintiffs") submitted an "Opposition Response to Defendant's *Daubert* Motion" ("Pls.' Opp'n Resp."). (ECF No. 29). On September 17, 2025, Defendant filed a "Reply to Plaintiff's Response" ("Def.'s Reply"). (ECF No. 32).

On September 10, 2024, this matter was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas for an order by Senior United States District Judge David C. Guaderrama ("Judge Guaderrama"). (ECF No. 27).

For the reasons set forth below, the Court **ORDERS** that Defendant's *Daubert* Motion (ECF No. 25) be **DENIED** as to Dr. Macpherson's opinions on Ms. Quintanilla's compensation damages and fringe benefits. The Court **WITHHOLDS** its determination on Dr. Macpherson's opinion on Ms. Quintanilla's "lost household services" damages until Plaintiff's motion to file an amended complaint (ECF No. 34) is resolved.

1

# I.    BACKGROUND

This is a negligence personal injury lawsuit arising from a commercial semi-truck/personal vehicle rear-end accident which occurred on August 17, 2022, in El Paso, Texas.  Def.'s Mot. 1, ECF No. 25.  Plaintiff, Ms. Quintanilla, was the passenger in the personal vehicle.  *Id.*  Defendant is a commercial trucking company that employed the driver involved in the accident.  *Id.*  This Court has diversity jurisdiction over the case and venue is proper.  Removal Notice 2–4, ECF No. 2–4.

Ms. Quintanilla is a self-employed hair stylist who alleges extensive injuries following the August 17, 2022, accident.  On July 30, 2024, Plaintiffs filed a Notice of Expert Designation, designating Dr. Macpherson as an expert witness.  Notice Expert Designation 7, ECF No. 19.  Dr. Macpherson is an economist retained to offer his opinion on Ms. Quintanilla's "compensation and household service damages" due to the accident.  *Id.*

On September 3, 2024, Defendant filed the instant *Daubert* motion to exclude Dr. Macpherson's expert testimony.  Def.'s Mot.  Defendant maintains that Dr. Macpherson's testimony should be excluded because his methodology to compute Ms. Quintanilla's compensation and household service damages is unreliable, as required by Federal Rule of Evidence 702.[1]  *Id.* 5.  Specifically, Defendant opines that Dr. Macpherson's determination of Ms. Quintanilla's economic loss estimates is unreliable because Dr. Macpherson relied on Dr. Kiel's pre-injury and post-injury earnings capacity calculations, which ignore Plaintiff's actual earnings in Plaintiff's tax returns and instead rely on general data from Department of Labor statistics.

---

[1] Federal Rule of Evidence 702 sets out that a witness who is qualified as an expert may testify if the witness can demonstrate to the court that it is more likely than not that: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data;(c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."  Fed. R. Evid. 702.  The instant Motion addresses whether Dr. Macpherson's testimony is the product of reliable principles and methods.

Def.'s Mot. 5–7.  Defendant also asserts that Dr. Macpherson's testimony should be excluded because his calculations of Plaintiff's "fringe benefit rate" and "loss of household services" are also unreliable.  *Id.* 7–8.  As explained further below, the Court rejects Defendant's contentions as to Dr. Macpherson's testimony on Ms. Quintanilla's compensation damages and fringe benefits. The Court withholds its determination on Dr. Macpherson's testimony of Ms. Quintanilla's "loss of household services" damages.

## II.    LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Federal courts function as gatekeepers and determine whether expert testimony should be presented to the jury.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993).  "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony."  *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)).

When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate."  *Id.* at 594.  Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court.  *Barbe v. Gov't Employees Ins. Co.*, No. 4:13-CV-441, 2014 WL 12601152, at *1-2 (E.D. Tex. June 30, 2014) (citing *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000)).

## III.    ANALYSIS

In the instant Motion, Defendant maintains that Dr. Macpherson's testimony should be excluded because his methodology of computing Ms. Quintanilla's compensation and household service damages is unreliable.  Def.'s Mot. 5. Specifically, Defendant states that Dr. Macpherson's

determination of Ms. Quintanilla's economic loss estimates is unreliable because Dr. Macpherson relies on Dr. Kiel's pre-injury and post-injury earnings capacity calculations, which ignore Plaintiff's actual earnings in Plaintiff's tax returns and instead rely on general data from Department of Labor statistics. *Id.* 5–7. Defendant also asserts that Dr. Macpherson's testimony should be excluded because his calculations of Plaintiff's "fringe benefit rate" and "loss of household services" are unreliable and it is unknown whether Plaintiff qualifies for these benefits. *Id.* 7–8.

In response, Plaintiff maintains that Dr. Kiel's opinion is admissible because Dr. Macpherson was permitted to rely on Dr. Kiel's earnings capacity calculations. Pls.' Opp'n Resp. 6–8. Furthermore, Plaintiff asserts that Dr. Macpherson's calculation of Plaintiff's "fringe benefit rate" is reliable and that Plaintiff is eligible to receive "fringe benefits" as a wage and salary worker. *Id.* at 9.[2]

For the reasons set forth below, the Court finds that Dr. Macpherson's testimony is reliable as Dr. Macpherson's calculations of Ms. Quintanilla's compensation damages and fringe benefits. The Court withholds its determination on the reliability of Dr. Macpherson's opinion as to Ms. Quintanilla's "lost household services" damages until Plaintiff's motion to file an amended complaint (ECF No. 34) is resolved.

**1.    Dr. Macpherson's calculation of Ms. Quintanilla's compensation damages is reliable.**

Dr. Macpherson's method of computing Ms. Quintanilla's compensation damages is reliable because experts can rely on another expert's findings in formulating their opinion. *See Ramirez v. Escajeda*, No. EP-17-CV-00193-DCG, 2021 WL 1131721, at *14 (W.D. Tex. Mar. 24, 2021) ([T]he Federal Rules of Evidence and *Daubert* permit [an expert] to rely on another expert's

---

[2] Plaintiff does not address Defendant's argument that Dr. Macpherson's methodology for calculating "loss of household services" damages is unreliable.

report in forming his own expert opinion."); *Santos v. Great Am. Ins. Co.*, No. 5:19-CV-83, 2021 WL 8945347, at *5 (S.D. Tex. Dec. 6, 2021) ("Generally, an expert may rely upon other experts' opinions to form his own opinion, assuming the underlying data or opinion is reliable.") (citation modified); see also Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments ("The term 'data' is intended to encompass the reliable opinions of other experts."). Accordingly, Dr. Macpherson's reliance on Dr. Kiel's earnings capacity calculations does not render Dr. Macpherson's opinion unreliable.

Furthermore, Dr. Kiel's use of Department of Labor statistics to calculate Ms. Quintanilla's pre-injury and post-injury earnings capacity is a reliable methodology under *Daubert*. *See Fernandez v. Transp. Designs, Inc.*, No. SA-16-CA-022-OLG, 2017 WL 2999706, at *2 (W.D. Tex. Apr. 5, 2017) (finding that expert's opinion on plaintiff's earnings capacity was reliable where expert relied on Department of Labor data, Census Bureau data, and plaintiff's deposition testimony); *Galvan v. City of San Antonio*, No. SA-07-CA-371-OG, 2008 WL 5504697, at *1–2 (W.D. Tex. Sept. 17, 2008) (holding that expert's opinion on decedent's earnings capacity was reliable because expert considered Department of Labor and Census Bureau data, employment records, and deposition testimony).

Accordingly, Dr. Macpherson's economic damage calculations are reliable because Dr. Macpherson was permitted to rely on Dr. Kiel's earnings capacity calculations and Dr. Kiel's methodology was reliable.

### 2.     Dr. Macpherson's calculation of Ms. Quintanilla's fringe benefits is reliable.

The Court next addresses Defendant's contention that Dr. Macpherson's calculation of Ms. Quintanilla's fringe benefits is unreliable because Dr. Macpherson relied on Department of Labor data to make this finding. Def.'s Mot. 7. Defendant also asserts that Dr. Macpherson's calculation

is unreliable because it is unclear that Ms. Quintanilla received fringe benefits. The Court disagrees and finds that Dr. Macpherson's calculation of Ms. Quintanilla's fringe benefits is reliable under *Daubert*.

District Courts in the Fifth Circuit affirm that an expert's calculation of fringe benefits is reliable when the expert relies on U.S. Department of Labor data and other federal government statistics. *Kinney v. Int'l Bus. Machines Corp.*, No. A-20-CV-00969-DAE, 2022 WL 2653895, at *4–5 (W.D. Tex. July 8, 2022) (holding that expert's calculation of plaintiff's fringe benefits is reliable when expert used Bureau of Labor Statistics[3] report to generate fringe benefit rate); *Ashford v. Wal-Mart Stores, LP*, No. 1:11-CV-57-HSO-JMR, 2013 WL 152853, at *4 (S.D. Miss. Jan. 15, 2013) (permitting expert to testify on plaintiff's fringe benefits when plaintiff used U.S. Census Bureau labor statistics to inform expert's opinion). Accordingly, Dr. Macpherson's use of Department of Labor statistics to calculate Ms. Quintanilla's fringe benefits is reliable under *Daubert*.

Furthermore, Defendant asserts that Dr. Macpherson's calculation of Ms. Quintanilla's fringe benefits is unreliable because Dr. Macpherson failed to consider whether Ms. Quintanilla received "fringe benefits." Defendant's contention, however, is not ground for excluding expert testimony and instead should be addressed through a motion in limine or trial objection. *See Alpizar v. John Christner Trucking, LLC*, No. SA-17-CV-00712-FB, 2019 WL 1643743, at *9 (W.D. Tex. Apr. 16, 2019), *report and recommendation adopted*, No. CV SA-17-CA-712-FB, 2019 WL 4087445 (W.D. Tex. May 17, 2019) (finding that lack of evidence that plaintiff received fringe benefits does not warrant excluding expert testimony and is "better addressed through a motion in limine or a contemporaneous objection for lack of foundation" at trial).

---

[3] The Bureau of Labor Statistics is a department within the U.S. Department of Labor. *Statistics*, U.S. Department of Labor, https://www.dol.gov/general/topic/statistics (last visited Aug. 28, 2025).

In sum, Dr. Macpherson's calculation of Ms. Quintanilla's fringe benefits is reliable because Dr. Macpherson was permitted to use Department of Labor statistics for his findings and any objection as to the existence of "fringe benefits" is best addressed through a motion in limine or at trial.

> **3.      The Court withholds a determination on the reliability of Dr. Macpherson's "loss of household services" calculation because it is unknown whether Plaintiffs will be permitted to seek "loss of household services" damages in the complaint.**

The Court finally addresses Defendant's contention that Dr. Macpherson's calculation of Ms. Quintanilla's "loss of household services" is unreliable under *Daubert*.  Defendant asserts that Dr. Macpherson's household services computation is unreliable because Plaintiff failed to plead this specific type of economic damages in her original Complaint.  Def.'s Mot. 8.  Plaintiffs do not address Defendant's agreement in their response to Defendant's Motion.

The Court withholds a determination on the reliability of Dr. Macpherson's "household services" computation because Plaintiffs' motion to file an amended complaint seeking "loss of household services" damages remains pending with the referring court.  *See* Pls.' Opposed Mot., ECF No. 34.  Accordingly, it is unknown at this time whether Plaintiff will plead "loss of household services" damages in the complaint.

In *McCarty v. MVT Services, LLC.*, the Court withheld determining an expert's ability to testify on plaintiff's lost household services because "Plaintiff never alleged lost household services damages in his pleadings, yet Plaintiff's expert … opined as to their value."  *McCarty v. MVT Servs., LLC*, No. MO:17-CV-00149-DC, 2019 WL 1028534, at *3 n.1 (W.D. Tex. Feb. 1, 2019).  Here, Defendant makes an identical argument, but it is unknown whether Plaintiff will be permitted to allege lost household services damages because Plaintiff's motion to file an amended complaint remains pending.   Accordingly, the Court withholds determining whether Dr.

Macpherson's determination of Ms. Quintanilla's "lost household services" is reliable until the pending motion is resolved.

## IV.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant's *Daubert* Motion (ECF No. 25) be **DENIED** as to Dr. Macpherson's opinions on Ms. Quintanilla's compensation damages and fringe benefits.  The Court **WITHHOLDS** its determination on Dr. Macpherson's opinion on Ms. Quintanilla's "lost household services" damages until Plaintiff's motion to file an amended complaint (ECF No. 34) is resolved.

**SIGNED** and **ENTERED** this 28th day of August 2025.

**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**